IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EARL BATES, #43349                                                          PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:10-cv-465-DPJ-FKB

JOHNNIE DENMARK, Warden                                                     RESPONDENT

## ORDER

BEFORE the Court is Petitioner's Motion [10] for Reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. On August 31, 2010, this case was transferred to the Fifth Circuit as a successive § 2254 habeas application. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997). On November 4, 2010, the Fifth Circuit denied Petitioner authorization to proceed with his successive petition in this Court. *In re Bates*, No. 10-60725 (5th Cir. Nov. 4, 2010).

Petitioner claims that, since he has not had an evidentiary hearing on the merits of his claims, he is entitled to proceed with this case. In support of the instant Motion [10], Petitioner asserts the same fifteen grounds for relief that he asserted in his Petition.[1]

As explained by the United States Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), a Rule 60(b) motion in a § 2254 case must be treated as a successive habeas petition if it asserts or reasserts a substantive claim to set aside a petitioner's state conviction. To the extent Petitioner is reasserting substantive claims to set aside his murder and aggravated assault convictions, the Court finds his motion to be nothing more than an attempt to proceed with a successive habeas petition without the required authorization from the Fifth Circuit. *See Kutzner v. Cockrell,* 303 F.3d 333, 338 (5th Cir. 2002)("[A] motion under Rule 60(b) is the equivalent of

---

[1] Petitioner's grounds for relief are centered around the validity of his indictment, the legality of his trial and sentencing and the alleged ineffective assistance of his criminal defense attorney.

a second or successive habeas petition."). As previously explained to Petitioner, he is unable to proceed with this successive habeas petition in this Court without authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

However, to the extent Petitioner is "merely assert[ing] that a previous ruling which precluded a merits determination was in error" this Court may consider his challenge under Rule 60(b). *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011)(citing *Gonzalez*, 545 U.S. at 532 n. 4); *see also Ochoa Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007)(contrasting claims for relief that are considered under the standards of Rule 60(b) with those that are treated as successive petitions). With that said, the Court points out that "[a] motion filed pursuant to Rule 60(b)(6) requires a showing of 'extraordinary circumstances.'" *Munoz v. Fortner*, No. 08-40148, 2009 WL 196189, at *1 (5th Cir. Jan. 28, 2009) (citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)). Because Petitioner has failed to demonstrate extraordinary circumstances as required for relief under Rule 60(b)(6), his Motion is denied.[2] Therefore, it is hereby,

ORDERED that Petitioner's Motion [10] for Reconsideration is denied.

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner has further failed to demonstrate that relief is appropriate under any of the other grounds set out in Rule 60(b). FED. R. CIV. P. 60(b) ("A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . .").